23878

In the Matter of Brian P. GIBBES, Respondent.

(432 S.E. (2d) 482)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Brian P. Gibbes, pro se.*

Submitted Apr. 27, 1993.

Decided June 21, 1993.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed ethical violations and consents to a public reprimand. We accept respondent's admission and publicly reprimand him.

The ethical violations committed by respondent arise from the misappropriation of client funds by one of his employees. Between November 1989 and November 1990, an employee in charge of bookkeeping embezzled approximately $25,000 from firm accounts. As a result, funds from numerous accounts were used for purposes other than those for which they were intended.

Respondent admits that he failed to adequately oversee the day-to-day operations of his firm and failed to adequately supervise his employees. He also admits that he maintained too many financial accounts on which several employees had signatory authority; and, therefore, lost the ability to maintain the integrity of the funds therein.

Respondent has violated Rule 5.3 of the Rules of Professional Conduct, Rule 407, SCACR, by failing to assure that the conduct of his nonlawyer personnel was compatible with his professional obligations as a lawyer. As a result, respondent has also violated Rule 1.15 of Rule 407 by commingling funds, failing to account for funds, and failing to promptly deliver funds to his clients.

Under the facts of this matter, we find the appropriate sanction is a public reprimand. Respondent shall make restitution to NationsBank, or its agent, in the amount of $23,931.18 pursuant to terms agreed to between respondent and NationsBank, as well as to any other clients who have not been reimbursed for misappropriated funds.

Public reprimand.